IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Allen Jennings, *on behalf of himself and all others similarly situated*, | ) Case No. _____ ) |
| Plaintiff, | ) **CLASS ACTION COMPLAINT** ) |
| v. | ) **Jury Trial Demanded** ) |
| Midland Credit Management, Inc. and Midland Funding, LLC, | ) ) ) |
| Defendants. | ) |

## NATURE OF ACTION

1. Plaintiff Allen Jennings ("Plaintiff") brings this class action on behalf of himself and all others similarly situated against Defendants Midland Credit Management, Inc. ("MCM") and Midland Funding, LLC ("Midland Funding") (collectively, "Defendants") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION, VENUE, AND STANDING

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this

district, where Plaintiff resides in this district, and where Defendants transact business in this district.

4. Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016) (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)).

5. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)). Thus, a debt collector's breach of a right afforded a consumer under the FDCPA causes an injury in fact for Article III standing, even where the harm may be intangible. *See id.*; *Church v. Accretive Health, Inc.*, 654 F. App'x 990, 995 (11th Cir. 2016).

## THE FAIR DEBT COLLECTION PRACTICES ACT

6. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect

consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

7. In order to protect gullible consumers, the Sixth Circuit, "in determining whether a statement qualifies as misleading, employs an objective, 'least-sophisticated-consumer' test." *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 592 (6th Cir. 2009); *Smith v. Computer Credit, Inc.*, 167 F.3d 1052, 1054 (6th Cir. 1999) ("The least sophisticated debtor standard is 'lower than simply examining whether particular language would deceive or mislead a reasonable debtor'") (quoting *Swanson v. Southern Oregon Credit Service, Inc.,* 869 F.2d 1222, 1225 (9th Cir. 1988)).

8. "Federal courts have broadly recognized the FDCPA as a strict-liability statute." *Gamby v. Equifax Info. Servs. LLC*, 462 F. App'x 552, 556 (6th Cir. 2012) (citing *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 995 (7th Cir. 2003)).

9. "Structured as such, the FDCPA functions both to protect the individual debtor and advance the declared federal interest in 'eliminat[ing] abusive debt collection practices.'" *Stratton v. Portfolio Recovery Associates, LLC*, 770 F. 3d 443, 449 (6th Cir. 2014), *as amended* (Dec. 11, 2014) (quoting 15 U.S.C. § 1692(e)).

## PARTIES

10. Plaintiff is a natural person who at all relevant times resided in the State of Michigan, County of Genesee, and City of Flint.

11. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12. MCM is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

13. MCM is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

14. Midland Funding is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged, by use of the mails and telephone, in the business of directly or indirectly attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

15. Midland Funding is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

16. Plaintiff is a natural person allegedly obligated to pay a debt.

17. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were

incurred primarily for personal, family, or household purposes—namely, a Citibank, N.A. account (the "Debt").

18. MCM uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

19. MCM regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

20. Midland Funding uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

21. Midland Funding purchases or acquires defaulted debts from creditors, which it then, either directly or through third parties, seeks to collect from the consumer for its own profit.

22. The principal purpose of Midland Funding's business is debt collection.

23. Midland Funding has no other substantial business purpose except to purchase or otherwise acquire title to defaulted debt and profit from collected debts.

24. Midland Funding acquired Plaintiff's Debt after it was alleged to be in default.

25. At all relevant times, MCM acted on behalf of Midland Funding to collect or attempt to collect the Debt from Plaintiff.

26. In connection with the collection of the Debt, MCM sent Plaintiff a letter dated September 22, 2017.

27. A true and correct copy of MCM's September 22, 2017 letter to Plaintiff is attached to this complaint as Exhibit A.

28. The September 22, 2017 letter states "this letter is to inform you that we are considering forwarding this account to an attorney in your state for possible litigation."

29. The letter goes on to state "[i]f this account goes to an attorney, our flexible options may no longer be available to you."

30. The statement "[i]f this account goes to an attorney, our flexible options may no longer be available to you" was a false or misleading statement.

31. Defendants had no intention of withdrawing flexible payment options if the Debt was referred to collection by an attorney.

32. Defendants routinely offered individuals flexible payment options even after a debt has been referred to an attorney for collections.

## CLASS ACTION ALLEGATIONS

33. Plaintiff repeats and re-alleges all factual allegations above.

34. MCM's September 22, 2017 letter is based on a form or template used to send collection letters (the "Template").

35. The Template uses deceptive and misleading language, in stating that if the debt is sent to a collections attorney payment options will become unavailable.

36. The Template uses deceptive and misleading language to create a false sense of urgency, in stating that the debt is being considered for referral to an attorney and that payment options will be unavailable if the case is referred to an attorney unless the consumer acts promptly.

37. Defendant has used the Template to send collection letters to over 40 individuals in the State of Arizona within the year prior to the filing of the original complaint in this matter.

38. Plaintiff brings this action on behalf of himself and all others similarly situated. Specifically, Plaintiff seeks to represent the following class of individuals:

> All persons with a Michigan address, to whom MCM sent a letter based upon the Template, within one year before the date of this complaint, in connection with the collection of a consumer debt alleged to be owed to Midland Funding.

39. The class is averred to be so numerous that joinder of members is impracticable.

40. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

41. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendants.

42.     There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendants' identical conduct particular to the matters at issue; (b) Defendants' violations of the FDCPA; (c) the availability of statutory penalties; and (d) attorneys' fees and costs.

43.     Plaintiff's claims are typical of those of the class he seeks to represent.

44.     The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendants. Thus, if brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

45.     Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

46.     Plaintiff will fairly and adequately protect the interests of the class and has no interests adverse to or which directly and irrevocably conflict with the interests of other members of the class.

47.     Plaintiff is willing and prepared to serve this Court and the proposed class.

48. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

49. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

50. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

51. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the classes. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

52. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendants have acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

53. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

54. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(5)
## MCM

55. Plaintiff repeats and re-alleges each factual allegation above.

56. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15

U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc*., 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

57. This includes the "threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

58. "Parties often knowingly make threats of illegal action, hoping that the threat will intimidate the opposing party, who may not take comfort from the prospect of years of expensive and uncertain litigation to vindicate her rights. Such threats can have real effects. The FDCPA in general, and § 1692e(5) in particular, are aimed directly at such tactics in the context of collecting consumer debts, where power and resources are often, let us say, asymmetrical." *Captain v. ARS Nat. Servs., Inc.*, 636 F. Supp. 2d 791, 796 (S.D. Ind. 2009).

59. "Section 1692e(5) prohibits debt collectors from threatening 'to take any action . . . that is not intended to be taken,'" and a debt collector's statement that it may stop offering flexible payment options to the consumer—when this was false—was that sort of action as "a threat can be stated in noncommittal terms and still run afoul of the FDCPA." *Haddad v. Midland Funding, LLC*, 255 F. Supp. 3d 735, 746 (N.D. Ill. 2017) (emphasis added) (internal citations omitted).

60. "A debt collector may state that certain action is possible, if it is true that such action is legal and is frequently taken by the collector or creditor with respect to similar debts; however, if the debt collector has reason to know there are facts that make the action unlikely in the particular case, a statement that the action was possible would be misleading." Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097-50110 (Dec. 13, 1988).

61. By stating in its letter that "[i]f this account goes to an attorney, our flexible options may no longer be available to you," MCM violated 15 U.S.C. § 1692e(5) because MCM threatened an action that MCM did not intend to take, as MCM never intended to make flexible payment options unavailable.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that MCM violated 15 U.S.C. § 1692e(5) with respect to Plaintiff and the class he seeks to represent;

c) Awarding Plaintiff and the class he seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e) Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class he seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff and the class he seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)
## MCM

62. Plaintiff repeats and re-alleges each factual allegation above.

63. Congress, recognizing that it would be impossible to foresee every type of deceptive collection misbehavior, expressly included in the FDCPA a catchall provision, prohibiting "[t]he use of any false representation or deceptive means to

collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

64. "It is a violation [of § 1692e(10)] to send any communication that conveys to the consumer a false sense of urgency." Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097-50110 (Dec. 13, 1988).

65. The FDCPA is intended to be "comprehensive, in order to limit the opportunities for debt collectors to evade the under-lying legislative intention," and therefore the same conduct may violate multiple sections of the Act. *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1178 (9th Cir. 2006) (citing FTC Official Staff Commentary on FDCPA, 53 Fed. Reg. 50097, 50101).

66. MCM's statement that "[i]f this account goes to an attorney, our flexible options may no longer be available to you," was a false or misleading statement.

67. This false statement when coupled with the statement "this letter is to inform you that we are considering forwarding this account to an attorney in your state for possible litigation" made by Defendants was to instill a false sense of urgency in the Plaintiff.

68. These statements imply that if the Plaintiff does not act swiftly to set up a payment plan, the offered "flexible options" will be foreclosed.

69. Because these statements were both false or misleading, and created a false sense of urgency, MCM violated 15 U.S.C. § 1692e(10).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that MCM violated 15 U.S.C. § 1692e(10) with respect to Plaintiff and the class he seeks to represent;

c) Awarding Plaintiff and the class he seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e) Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

    f) Awarding Plaintiff and the class he seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

    g) Awarding Plaintiff and the class he seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

    h) Awarding such other and further relief as the Court may deem proper.

**COUNT III**
**VIOLATION OF 15 U.S.C. § 1692e(5)**
**Midland Funding**

70. Plaintiff repeats and re-alleges each factual allegation above.

71. MCM violated 15 U.S.C. § 1692e(5) by threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken.

72. Midland Funding, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of MCM—the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil

Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Midland Funding violated 15 U.S.C. § 1692e(5) with respect to Plaintiff and the class he seeks to represent;

c) Awarding Plaintiff and the class he seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e) Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class he seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff and the class he seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(10)
## Midland Funding

73. Plaintiff repeats and re-alleges each factual allegation above.

74. MCM violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

75. Midland Funding, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of MCM—the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Midland Funding violated 15 U.S.C. § 1692e(10) with respect to Plaintiff and the class he seeks to represent;

c) Awarding Plaintiff and the class he seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e) Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class he seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff and the class he seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

76. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: July 19, 2018

Respectfully submitted,

s/Joseph Panvini
Joseph Panvini
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
jpanvini@ThompsonConsumerLaw.com
Attorney for Plaintiff